## II. VINCENT v. N. & S. MAYBLUM.

(No. 573, Op. Book No. 2, p. 270.)

APPEAL from Fort Bend County. Opinion by WHITE, J.

§ 763. *Trespass; damages in action of; verdict against the evidence.*   The verdict and judgment in this case are clearly against the law and the evidence.  The evidence shows that the defendants tore down the corn-crib of plaintiff and took one hundred and fifty bushels of his corn, for which they have never paid or accounted; that they broke the lock of his cotton house and took $50 worth of his cotton without his knowledge or consent, for which, also, they have never accounted.  Appellees, by this conduct, were guilty of a trespass, and " the law supposes that every trespass committed upon property is necessarily attended with some damage, however inconsiderable the injury; and hence the right to recover damages for a trespass cannot be denied."  But this was not a bare technical trespass; it was committed deliberately and in wilful violation of plaintiff's rights, in a manner and under circumstances showing aggravation, and in such cases the law allows damages beyond the strict measure of compensation, by way of punishment and for example's sake.  In trespass, where the party wantonly violates the law, "the jury should not be sparing in damages." [1 Meeson & Welsby, 342; Champion v. Vincent, 20 Tex. 811.]

March 20, 1880.                    Reversed and remanded.